**William C. PORGES, for the Use and Benefit of the USA on behalf of Accelerated Electric, Plaintiff–Appellee/Cross–Appellant,**

v.

**RQ CONSTRUCTION, INC., a California corporation; Federal Insurance Company, a New Jersey corporation, Defendants–Appellants/Cross–Appellees.**

Nos. 02–56168, 02–56236.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Decided Oct. 28, 2003.

Davide Golia, Esq., Marks & Golia, San Diego, CA, for Plaintiff–Appellee.

Gerald Smolin, Esq., Michael J. Hickman, Esq., Musick, Peeler & Garrett, San Diego, CA, for Defendants–Appellants.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

The district court entered judgment in favor of Accelerated Electric ("Accelerated") after a bench trial on its claim that RQ Construction, Inc. ("RQ") breached the parties' contract concerning electrical subcontract work on a Navy housing project. RQ appeals both this decision and the district court's admission of the testimony of Accelerated's lost profits expert. Accelerated cross-appeals the district court's reduction of its lost profits calculation and rejection of its promissory estoppel claims arising from two related Navy housing projects.

We affirm and deny Accelerated's cross-appeal.

---

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

## I

RQ first appeals the district court's determination that RQ's letter of intent to Accelerated created a binding contract. Alternatively, RQ argues that, in light of the parties' course of dealing, any contract that was created contained a termination for convenience clause.

This court reviews de novo the district court's interpretation of state law. *See Feature Realty, Inc. v. City of Spokane,* 331 F.3d 1082, 1086 n. 3 (9th Cir.2003). The formation of a binding contract requires: (1) parties capable of contracting; (2) mutual assent; (3) a lawful object; and (4) sufficient consideration. *See* CAL. CIV. CODE. §§ 1550, 1565. The sole issue here is whether mutual assent existed between RQ and Accelerated.

Under California law, the existence of mutual assent is a question of fact. *See Allen v. Smith,* 94 Cal.App.4th 1270, 1277, 114 Cal.Rptr.2d 898 (2002). Accordingly, we review for clear error the district court's determination that RQ and Accelerated reached a meeting of the minds. *See McDonnell Douglas Corp. v. Thiokol Corp.,* 124 F.3d 1173, 1176 (9th Cir.1997). The district court did not clearly err in concluding that RQ's letter of intent, when considered in the context of the parties subsequent interaction, created a binding contract. *See Rennick v. O.P.T.I.O.N. Care, Inc.,* 77 F.3d 309, 315–16 (9th Cir. 1996).

Nor did the district court err in determining that RQ breached the contract. A breach of contract claim requires proof of (1) the existence of the contract, (2) performance by the plaintiff (or excuse for nonperformance), (3) a breach by the defendant, and (4) damages. *See First Com-*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mercial *Mortgage Co. v. Reece,* 89 Cal. App.4th 731, 745, 108 Cal.Rptr.2d 23 (2001). We affirm the district court's conclusion that Accelerated proved each of these elements. We reject the argument that termination for convenience may be invoked by the prime contractor in the absence of such action by the contracting officer.

## II

■ We review the district court's admission of expert testimony for an abuse of discretion. *See Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 152, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). We find none. Although RQ offered its own expert's competing methodology for calculating lost profits, Accelerated's methodology was not unreliable as a matter of law. As the finder of fact, the district court was entitled to evaluate the evidence as it saw fit to calculate the loss. The evidence was sufficient to support the result.

## III

We have considered Accelerated's cross-appeal and find it meritless.

The district court's opinion is **AFFIRMED** and Accelerated's cross-appeal is **DENIED.**